The Honorable James L. Robart

_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

APR 22 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR25-137 JLR |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JESUS CRISTERNA LUCAS, | |
| Defendant. | |

The United States, through Assistant United States Attorney Casey S. Conzatti of the Western District of Washington and Jesus Cristerna Lucas and Lucas's attorney Teymur Askerov enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure (11)(c)(1)(B).

1.     **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information.

2.     **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Superseding Information:

Plea Agreement - 1
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

a. Distribution of a Controlled Substance, as charged in Count 1 of the Superseding Information, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

b. Alien in Possession of a Firearm, as charged in Count 2 of the Superseding Information, in violation of Title 18, United States Code, 922(g)(5).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a. The elements of Distribution of a Controlled Substance, a as charged in Count 1 of the Superseding Information, to which Defendant is pleading guilty are as follows:

i. The defendant knowingly distributed a controlled substance; and

ii. The defendant knew that it was the specified controlled substance, or some other federally controlled substance.

b. The elements of Unlawful Possession of a Firearm, a lesser included offense of Count 1 of the Superseding Information, to which Defendant is pleading guilty are as follows:

i. The defendant knowingly possessed a firearm;

ii. The firearm had been shipped or transported from one state to another, or between a foreign nation and the United States;

iii. At the time the Defendant possessed the firearm, Defendant was an alien, illegally or unlawfully in the United States; and

Plea Agreement - 2
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

iv.     At the time the Defendant possessed the firearm, Defendant knew he was an alien, illegally or unlawfully in the United States.

4.     **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.     For the offense of Distribution of a Controlled Substance, as charged in Count 1 of the Superseding Information: A maximum term of imprisonment of up to 40 years and a mandatory minimum term of imprisonment of five years, a fine of up to $5,000,000 a period of supervision following release from prison of at least four years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

b.     For the offense of Alien in Possession of a Firearm, as charged in Count 2 of the Superseding Information: A maximum term of imprisonment of up to 15 years; a fine of up to $250,000.00; a period of supervision following release from prison of not more than three years; and a mandatory special assessment of $100.00. If a probationary sentence is imposed, the probation period can be for up to five years.

**Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offense charged as a lesser included offense of Count 1, the United States must prove beyond a reasonable doubt that the offense charged in this Count involved 40 grams or more of fentanyl. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense charged as the lesser included offense of Count 1 involved more than 40 grams of fentanyl.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of

Plea Agreement - 4
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

Plea Agreement - 5
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

a. As part of an investigation into individuals trafficking controlled substances in the Western District of Washington, investigators with the U.S. Drug Enforcement Administration (DEA) and the U.S. Department of Homeland Security (HSI) arranged to buy fentanyl pills through a telephone number (hereinafter "Target Telephone 65"). Specifically, an HSI undercover agent

Plea Agreement - 6
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

(hereinafter "UCA") arranged to purchase 5,000 fentanyl pills through the user of Target Telephone 65 in November 2024

b. On the morning of November 26, 2024, the UCA communicated with the user of Target Telephone 65. During these communications, the user of Target Telephone 65 told the UCA that he would send his associate to deliver the fentanyl pills to the UCA in Everett, WA. Later that day, the UCA received a text message from the defendant, Jesus Cristerna Lucas, over Target Telephone 66. Lucas told the UCA that he was the delivery driver and would meet the UCA to deliver the pills.

c. At approximately 2:55 p.m., the UCA, along with a second undercover agent (hereinafter "UCA2") met with Lucas, who entered the UCA's front passenger seat of the undercover vehicle. Lucas then handed UCA2 a clear plastic bag containing blue pills. UCA2 handed Lucas U.S. currency to pay for the pills.

d. The pills sold by Lucas were tested and confirmed to contain fentanyl and weighed approximately 501.3 net grams.

e. On July 2, 2025, Lucas was arrested by DEA agents while driving his white Mazda Tribute in Seattle, WA pursuant to the above-described conduct. Lucas was the driver of the vehicle and had children as passengers. Inside a black rifle case in the rear cargo area, agents located a Ruger AR-556 semi-automatic rifle. Agents also recovered three loaded magazines and multiple rounds of .223 ammunition in the rifle case. Lucas admits that he knowingly possessed the rifle found in the vehicle.

f. Lucas is a citizen of Mexico. Lucas is not a citizen of the United State and never has been a citizen of the United States. Lucas knowingly, voluntarily, and unlawfully entered the United States on an unknown date and at an unknown place without having obtained the consent of the Attorney General or

Plea Agreement - 7
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Secretary of the Department of Homeland Security to apply for admission into the United States. At the time that Lucas was in possession of the Ruger AR-556 semi-automatic rifle, Lucas knew he knew he was an alien, knew he was unlawfully in the United States, and he knew he could not lawfully possess the firearm.

g. The Ruger AR-556 semi-automatic rifle that Lucas possessed on July 2, 2025, was manufactured outside of the State of Washington and therefore had been shipped and transported in interstate and foreign commerce. The Ruger AR-556 semi-automatic rifle that Lucas possessed on July 2, 2025, is a firearm under Title 18, United States Code, Section 921(a)(3).

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 30 as the relevant conduct involved at least 400 grams but less than 1,200 grams of fentanyl, pursuant to USSG § 2D1.1(c)(5);

b. A two-level reduction as the defendant had a minor role, pursuant to USSG § 3B1.2(b) and 2D1.1(e)(2);

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

Plea Agreement - 8
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11.   **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12.   **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of imprisonment that is no greater than the Guidelines as calculated by the Cout at the time of sentencing. Defendant is free to make any recommendation permitted by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13.   **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, constituting, or derived from, proceeds that Defendant obtained from his commission of Distribution of a Controlled Substance (as charged in Count 1 of the Superseding Information), as well as any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, this offense. All such property is subject to forfeiture pursuant to Title 21, United States Code, Section 853.

Plea Agreement - 9
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all firearms and ammunition that were involved in his commission of Unlawful Possession of a Firearm, as charged in Count 2. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, the Ruger AR-556 semi-automatic rifle and any associated ammunition seized from Defendant on or about July 2, 2025.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this property.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of the offense of Distribution of a Controlled Substance (Count 1) or if that property was firearms and ammunition involved in his commission of Unlawful Possession of a Firearm (Count 2).

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, or any other firearms, magazines, or ammunition, that were in Defendant's direct or indirect control, Defendant consents to its federal administrative disposition, official use, and/or destruction.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**15.     Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

**16.     Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District

Plea Agreement - 13
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 22nd day of April, 2026.

JESUS CRISTERNA LUCAS
Defendant

TEYMUR ASKEROV
Attorney for Defendant

VINCENT T. LOMBARDI
Assistant United States Attorney

CASEY S. CONZATTI
Assistant United States Attorney

Plea Agreement - 14
*United States v. Jesus Cristerna Lucas*, CR25-137 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970